WILLIAM T. YOUNG *v.* LEFLORE COUNTY.

1. COUNTIES.  *Board of supervisors.  Public Works.  Inspection and acceptance.  Code 1892, § 342.  Mandamus.*

One who contracts with a county for public work cannot, after completing the work, although his claim exceeds $200, mandamus the board of supervisors to have the work inspected and approved, under code 1892, § 342,. providing that the board shall not make. payment for a public work where the contract price exceeds $200, without first having the same inspected and accepted by at least two members of the board of other districts than the one in which the work is done, appointed by the board as a committee for that purpose, and having the certificate of the committee, under oath, filed and entered on the minutes.

2. SAME.

Said section of the code (code 1892, § 342) is alone for the security of the county, and does not affect the right of contractors for public works.

3. SAME.  *Code 1892, § 292.  Creditor's right to sue.*

Code 1892, § 292, so providing, gives a creditor of a county a right of suit upon the presentation of his claim for allowance to the board of supervisors, and the refusal of the board to allow the same, and it is unnecessary for a creditor having a claim for public work performed to see that the board has taken proper steps, under code 1892, § 342, to authorize it to make payment.

FROM the circuit court of Leflore county.
HON. WILLIAM F. STEVENS, Judge.

Young, the appellant, was plaintiff, and Leflore county, appellee, was defendant in the court below. The suit was an action for a mandamus. The plaintiff averred in his petition that he had been regularly awarded by the board of supervisors of the county a contract to build a breakwater in the Yazoo river, a public work, at and for the sum of $900; that he had performed the work and was entitled to be paid the contract price; that the board of supervisors had refused to have the work inspected, as required by code 1892, § 342, and had refused to appoint a committee, as required by said section, to inspect and approve the same, and the prayer was for a mandamus to require the board of supervisors to comply with said section of the code touching said work. The code section is as follows:

"342. *Payment for contract work not to be made until inspected.*—The board of supervisors shall never make a payment to any contractor for building or repairing a bridge, or doing any work on a public road or other public work, where the contract price exceeds two hundred dollars, without first having the same inspected and accepted by at least two members of the board of other districts than the one in which the work is done, appointed by the board a committee for that purpose, and having the certificate of the committee, under oath, filed and entered on the minutes; but the board shall not be bound by the acceptance of the committee, and shall never pay for work until the specifications therefor are complied with and the work completed."

The other code section referred to in the opinion of the court is as follows:

"292 (2175). *Claims against county to be first presented to board for allowance.*—A person having a just claim against any county shall first present the same to the board of supervisors thereof for allowance; and, if the board shall refuse to allow it, may appeal from the judgment of the board to the circuit court, or may bring suit against the county; and, in either case, if such person recover judgment, the board of super-

visors shall allow the same, and a warrant shall be issued therefor.''

The court below gave judgment for the defendant, and the plaintiff appealed to the supreme court.

*Green & Green*, for appellant.

The whole case turns upon the proposition whether the provisions of § 342, code 1892, prohibiting the board from paying a claim for public work, requires, as a condition precedent to the existence of the power of the board to refuse to accept the work and to allow payment of such claim, the appointment of the committee required thereby, and the report of that committee thereon. The language of the section is mandatory and prohibitive.

If the inspection and acceptance of the work, as being according to the plans and specifications, by a committee was a condition precedent, to the power of the board to act and to pay, then this duty was mandatory, and refusal to perform it gave rise to the right to a mandamus. Refusal to pay could be justified by the board because, and because only, the work had not been inspected by the committee, and in such case the contractor would be remediless, except by mandamus.

The inspection and acceptance of the work, under § 342 does not bind the board to pay for it, as was expressly held in *Supervisors* v. *Patrick*, 54 Miss., 244.

When the report shall have been made, then, upon application to the board for payment, if there are any legal defenses to the demand they can be then made by the county; but, as stated, the first step is to ascertain if the work has been properly done. If so, then, upon the report of the committee, the contractor is in position to request payment, and the board can then allow or disallow the claim, and, if disallowed, the contractor is in a position to appeal. But unless this committee reports, the continuing defense exists that the board is prohibited from paying, and, therefore, the courts cannot compel payment, and this irrespective of legal liability or not.

*Monroe McClurg*, attorney-general, for appellee.

The duty imposed by § 342 is not to pay for public work without the report of the committee. The purpose to pay is the precedent consideration. When the board intends not to pay the appointment of the committee is unnecessary, and the board may lawfully determine not to pay without the aid of the report. In fact, as was held in *Patrick's case*, 54 Miss., 240, the board is not bound by the committee's report. Therefore, the writ of mandamus being powerless to reach the judgment of the board on this antecedent question, would be valueless if granted.

It cannot be said upon an inspection of the petition whether the board intended to pay or not to pay ; the inference is that it did not intend to pay, because it is alleged that the board arbitrarily refused to appoint the committee. The means provided by law for ascertaining the intention of the board is, to present the claim for allowance and payment, when the board will make known its purpose in the premises. If it is inclined to pay the demand, then the committee is appointed. Otherwise there is no necessity for the committee, and the contractor's remedy, in such case, is not mandamus.

TERRAL, J., delivered the opinion of the court.

Appellant, alleging that he had built a breakwater in the Yazoo river according to a contract for that purpose let to him by the board of supervisors at a bid of $900, and that said work had been completed in compliance with his contract, petitioned the board to appoint, under § 342, code of 1892, a committee of two from their body to inspect and accept said work. The board declined so to do, and hence this appeal.

Section 292, code of 1892, gives any one a right of suit against the county, who presents his claim to the board, and it refuses the allowance of it ; the suit to be constituted by an appeal to the circuit court from such refusal, or by an independent suit. Section 342 is for the security alone of the

board, and does not affect the right of the person holding the claim. His right of suit is independent of that section. If a committee of the board is appointed, and reports an acceptance of the work, such report does not advance his remedy or confirm his right in any degree whatever. As to him, it is a useless proceeding ; and, by the express letter of the concluding clause, the acceptance of the committee does not bind the board of supervisors.

We think the judgment of the circuit court is correct.

*Affirmed.*